IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MAURICE HAMMOND | § | PLAINTIFF |
| | § | |
| v. | § | Civil No. 1:07CV1020-HSO-JMR |
| | § | |
| CITY OF POPLARVILLE, *et al.* | § | DEFENDANTS |

**ORDER AND REASONS DENYING
DEFENDANT CITY OF POPLARVILLE'S MOTION TO DISMISS**

The Court has before it the Motion of Defendant City of Poplarville, Mississippi ["Defendant"] to Dismiss [9-1], filed in the above-captioned cause on February 29, 2008. Plaintiff filed a Response in Opposition to the Motion on March 9, 2008 [13-1], and Defendant filed its Rebuttal on March 12, 2008 [15-1]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that the instant Motion [9-1] should be denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed his Complaint [1-1] in this case *pro se* on August 17, 2007. Pursuant to a "Certificate of Service" [4-1] that Plaintiff filed on September 17, 2007, he mailed a copy of the Complaint to the City of Poplarville on September 12, 2007. Current counsel for Plaintiff entered his appearance on September 19, 2007. Summons was not issued as to the City of Poplarville and the Poplarville Police Department until January 11, 2008 [6-1].

On January 15, 2008, the Court issue an Order for Plaintiff to show cause, in writing before January 25, 2008, why the Complaint should not be dismissed for

failure to prosecute. Plaintiff filed a Response [7-1] to the Order on January 24, 2008, stating that service had been obtained on January 18, 2008, upon the Mayor of Poplarville. The Summons was returned executed on March 3, 2008 [12-1], and states that service was made personally upon the Mayor of Poplarville on January 18, 2008, about one hundred fifty-four (154) days after the filing of the Complaint.

In its Motion, Defendant seeks dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 4(m), since Defendant was not served with the Summons and Complaint until greater than one hundred twenty (120) days after the Complaint was filed.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides, in relevant part, that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

As stated by the Fifth Circuit, "[i]f good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). District courts are "accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996)

(*citing* Advisory Committee's Notes on Fed.R.Civ.P. 4 ).

Plaintiff argues that he was originally proceeding *pro se*, and believed that service was properly effected by him by mailing a copy of the Complaint to Defendant and then filing a Certificate of Service [4-1] with the Court.  *See* Mem. in Resp. to Mot. to Dismiss, at p. 1.  Two days later, when Plaintiff retained counsel, Plaintiff purportedly mistakenly told counsel that service was complete, and counsel did not discover the mistake until January 2008.  *See id.*

The Court is not convinced that good cause has been shown for the delay in properly serving Defendant.  *Pro se* status and ignorance of the relevant rules of service do not excuse a plaintiff's failure to effect service.  *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).  Moreover, Defendant was served on January 18, 2008, one hundred twenty-one days (121) days after Plaintiff's counsel made his appearance in the case.

The Court, in its discretion, nevertheless finds that based upon the circumstances and the record, it should enlarge the 120-day period for Plaintiff to properly serve Defendants.  *See Henderson*, 517 U.S. at 662.  The Court is of the opinion that, because of the current procedural posture of the case, Defendants will not be prejudiced by this enlargement of time, and in the interests of justice, Defendant's Motion should be denied.  The Court will also require Plaintiff to properly serve Defendants again, on or before April 14, 2008.  Defendants will be required to file an Answer or other responsive pleading thereafter, as required by the Rules.

III.  CONCLUSION

The Court has considered Defendant's Motion to Dismiss, the parties' submissions, and all relevant legal authorities, and concludes that, for the reasons stated herein, the Motion to Dismiss [9-1] should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited herein, Defendant's Motion to Dismiss filed on February 29, 2008 [9-1], should be and is hereby **DENIED.**  Plaintiff is ordered to properly serve Defendants on or before April 14, 2008.

**SO ORDERED AND ADJUDGED**, this the 31st day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE